COURT OF APPEALS
DECISION
DATED AND FILED

August 10, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP839**

STATE OF WISCONSIN

Cir. Ct. No.  2009CF79

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

DONALD LAVAIL CHRISTOPHER,

  DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Douglas County: EUGENE D. HARRINGTON, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Donald Christopher appeals from an order denying his postconviction motion for plea withdrawal based upon claims of a defective

plea colloquy and several instances of ineffective assistance of counsel. We reject all of these claims and affirm.

## BACKGROUND

¶2 The State filed an Information charging Christopher with one count of burglary, two counts of attempted first-degree intentional homicide, two counts of substantial battery, and one count of aggravated battery. The charges were based upon allegations that Christopher broke into the home of his former girlfriend, repeatedly stabbed her and her stepfather, and also inflicted a single cut on her mother.

¶3 Christopher pleaded no contest to one of the attempted homicide counts, to the aggravated battery count, and to a charge of first-degree reckless endangerment that was reduced from the second attempted homicide count. In exchange, the State moved to dismiss and read in the three remaining charges and to make a joint sentencing recommendation.

¶4 The circuit court accepted Christopher's pleas after reviewing Christopher's plea questionnaire and waiver of rights form and conducting a colloquy with him. At a subsequent hearing, the court followed the parties' joint sentencing recommendation and imposed fifteen years' initial confinement and fifteen years' extended supervision on the attempted homicide count, with concurrent terms of seven and one-half years' initial confinement and five years' extended supervision on the reckless endangerment count, and three years' initial confinement and three years' extended supervision on the aggravated battery count. Christopher filed a notice of intent to pursue postconviction relief, but he

did not file a postconviction motion or notice of appeal under WIS. STAT. RULE 809.30 (2019-20).[1]

¶5     More than eight years after the entry of his judgment of conviction, Christopher moved to withdraw his pleas and vacate his convictions. Christopher alleged that the circuit court and plea questionnaire failed to set forth essential elements of the charges to which Christopher pleaded no contest, and that Christopher did not understand the terms "intent," "attempted," or "criminally reckless conduct." Christopher further alleged that his trial counsel, Catherine Canright, failed to advise him about the elements of the offenses and to tell him he had a possible legal defense to the charges based upon his mental health issues. Finally, Christopher claimed that his postconviction counsel, Donald Lang, provided ineffective assistance by failing to bring a plea withdrawal motion or to file an appeal.

¶6     Following a hearing, the circuit court found that Lang had discussed plea withdrawal with Christopher, but that Christopher chose not to pursue the issue because Christopher recognized that the evidence against him was significant and he did not want to have the original charges reinstated, subjecting him to greater sentence exposure. Lang also advised Christopher that a plea of not guilty by reason of mental defect (NGI) would not have been viable because Christopher had voluntarily consumed alcohol prior to the offenses. The court concluded that Lang and Christopher had made an informed, strategic decision not to pursue postconviction relief.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶7 The circuit court further found not credible Christopher's assertion that he had not understood the elements of the offenses. The court emphasized that Christopher had not alleged that Canright provided ineffective assistance until after Canright's death and that there was no corroborating evidence to support the allegations. To the contrary, the court noted that Lang had spoken with Canright before her death, and he was satisfied that Canright had done a "fairly thorough job" of discussing the elements of the charges with Christopher. Finally, the court also concluded that the plea colloquy had been adequate. The court therefore denied Christopher's motion to vacate his convictions and withdraw his pleas. Christopher appeals that decision.

## DISCUSSION

¶8 Christopher raises three issues on appeal. First, he claims he is entitled to withdraw his pleas due to a ***Bangert*** violation. *See generally **State v. Bangert***, 131 Wis. 2d 246, 274-75, 389 N.W.2d 12 (1986) (discussing plea withdrawal based upon a defective plea colloquy). Specifically, Christopher alleges the circuit court failed to advise him of the elements of the charged offenses—which he claims not to have otherwise understood—and of the possibility that an attorney could discover defenses not apparent to a layperson. Second, Christopher claims he is entitled to withdraw his pleas because his trial counsel never discussed with him the elements of the offenses or the possibility of an NGI defense. *See generally **State v. Dillard***, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44 (discussing plea withdrawal based on ineffective assistance of counsel under the manifest injustice standard). Third, Christopher claims that his postconviction attorney provided ineffective assistance by failing to file a plea withdrawal motion or appeal on Christopher's behalf.

¶9    Christopher's first claim fails because the record does not show that the plea colloquy was defective.  The circuit court advised Christopher of the statutory elements of each charge, and Christopher stated that he understood them.  Neither WIS. STAT. § 971.08, nor **Bangert** required the court to provide Christopher with additional definitions of statutory terms set forth in the jury instructions, as Christopher now contends.  *See **Bangert***, 131 Wis. 2d at 268 (court may summarize elements by reading from the applicable statute).  The court also was not required to advise Christopher that an attorney might discover defenses or mitigating circumstances not apparent to a layperson because Christopher was already represented by an attorney and was not proceeding pro se.  *Compare* WISCONSIN JI—CRIMINAL SM-32 (2019) (accepting plea from represented defendant), *with* WISCONSIN JI—CRIMINAL SM-30 (2006) (waiver of counsel).

¶10    Christopher's second claim fails because the circuit court rejected as not credible Christopher's testimony regarding trial counsel's actions and Christopher's own purported failure to understand the elements of the offenses.[2] In deciding whether to allow a defendant to withdraw a plea, the circuit court may properly assess the credibility of the proffered explanation for the plea withdrawal request.  *See **State v. Kivioja***, 225 Wis. 2d 271, 291, 592 N.W.2d 220 (1999).  Because the circuit court is in the best position to observe witness demeanor and gauge the persuasiveness of testimony, it is the "ultimate arbiter" for credibility determinations when acting as a fact finder.  ***Johnson v. Merta***, 95 Wis. 2d 141, 151-52, 289 N.W.2d 813 (1980); *see also* WIS. STAT. § 805.17(2) ("due regard

---

[2] In addition, we note that Christopher's argument on this issue relies heavily upon an unpublished per curiam opinion, **State v. Shackelford**, No. 2008AP1896, unpublished slip op. (WI App Sept. 29, 2009).  We admonish counsel for violating WIS. STAT. RULE 809.23(3).

shall be given to the opportunity of the trial court to judge the credibility of the witnesses"). Absent special circumstances not present here, such credibility determinations are not subject to appellate review. *See* ***State v. Oswald***, 2000 WI App 3, ¶47, 232 Wis. 2d 103, 606 N.W.2d 238 (1999).

¶11 Christopher's third claim fails on both the deficient performance and prejudice elements of the test for ineffective assistance of counsel. *See* ***State v. Sholar***, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89 (discussing the test). The circuit court's factual finding that Christopher decided not to pursue a plea withdrawal motion out of concern that he could subject himself to a longer sentence was directly supported by Lang's testimony. The finding was not clearly erroneous merely because Christopher provided conflicting testimony. Based upon the factual finding the court made, Lang's actions reflected a strategic decision and were within professional norms. In any event, Christopher could not establish prejudice from counsel's failure to file a plea withdrawal motion. As we have explained above, the plea colloquy was not defective and Christopher's testimony was not credible. There is thus an insufficient basis to establish any manifest injustice warranting plea withdrawal.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.